IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03581-CMA-STV

BP AMERICA PRODUCTION COMPANY, *a Delaware corporation*,

    Plaintiff,

v.

WESLEY HAMER, *an individual*,
KENNETH NGUYEN, *an individual*,
READYWORK LLC, *a Colorado limited liability company d/b/a* TASQ,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO RESTRICT AND MOTION TO PRESENT WITNESS TESTIMONY BY TELEPHONE

This matter is before the Court on Plaintiff BP America Production Company's Motion to Restrict Courtroom Proceedings and Certain Proferred [sic] Exhibits Related to [Plaintiff's] Trade Secrets (Doc. # 19) and Plaintiff's Motion for Leave to Present Witness Testimony by Telephone (Doc. # 20). Defendants have not filed a Response to either Motion.

However, the Court notes that both Motions are opposed because Defendants' counsel does not "believe evidence will be taken by the Court at the hearing, either in the form of witness testimony or documents." (Doc. # 19 at 1.) Although the Court is unaware of the basis of defense counsel's belief, the Court endeavors to correct his misimpression by indicating that it does, in fact, intend to accept evidence from **both**

**parties** at the hearing. Unless Defendants intend to concede the factual assertions in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 2), the Court is especially interested in what evidence Defendants will submit that rebuts those assertions.

## I.     ANALYSIS

### A.     MOTION TO RESTRICT HEARING

Plaintiff "requests that the Court restrict access to the courtroom at the parties' December 23, 2019 hearing to Court personnel and the parties (along with their attorneys, agents, representatives, and witnesses)." (Doc. # 19 at 1.) Plaintiff also "requests that exhibits proffered as [Plaintiff's] trade secrets be admitted into evidence under Level 2 restriction." (*Id.*)

This district's local rule regarding public access to documents and proceedings indicates that:

> Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings. . . . Any person may file an objection to [a] motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed.

D.C.COLO.LCivR 7.2(d).

Exigent circumstances exist in this case. On December 19, 2019, the Court set a hearing on Plaintiff's Motion for preliminary injunctive relief for December 23, 2019. (Doc. # 8.) Therefore, even if Plaintiff filed a motion to restrict on the same day that the Court set the hearing, the three-business-day objection period would not end until

2

December 24, 2019. As a result, a ruling on Plaintiff's Motion prior to the expiration of the objection period is warranted.

Turning to the merits of Plaintiff's request, "[a]ll courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal citations and quotation marks omitted). At the same time, there is a well-established presumption against restricting access to court documents. *See, e.g.*, *Lanphere & Urbaniak v. State of Colo.*, 21 F.3d 1508, 1511 (10th Cir. 1994) ("[The right of access to court documents] is an important aspect of the overriding concern with preserving the integrity of the . . . judicial process[]." (internal quotation marks omitted)); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (noting that judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society"). Moreover, the Tenth Circuit has warned that "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief . . . ." *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012).

The Court finds that restriction is appropriate in this case. With respect to orders to preserve confidentiality, the Defend Trade Secrets Act ("DTSA") provides that courts "shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835(a). The DTSA further

indicates that courts "may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b).

In its Complaint as well as its Motion for preliminary injunctive relief, Plaintiff alleges that certain confidential business information constitutes a trade secret. That information includes, but is not limited to, Plaintiff's source code and its production data. *See generally* (Doc. ## 1, 2). Plaintiff indicates that it actively maintains procedures to keep that information secret, and the information derives independent economic value from not being generally known to the public. *See, e.g.*, (Doc. # 2 at 20–22).

However, the same information is relevant to Plaintiff's Motion for preliminary injunctive relief because Plaintiff must show, *inter alia*, a substantial likelihood of success on the merits of its case, which requires Plaintiff to establish a prima facie case for trade secret misappropriation. Importantly, one of the elements of that claim is the existence of a trade secret, which entails a description of what the trade secrets are. *Arctic Energy Servs., LLC v. Neal*, No. 18-cv-00108-PAB-KLM, 2018 WL 1010939, at *2 (D. Colo. Feb. 22, 2018). Additionally, Plaintiff indicates that its witnesses "will necessarily have to disclose trade secret details in explaining for the Court the nature of what Defendants Hamer and Nguyen were working on (*e.g.*, non-public research and development projects)." (Doc. # 19 at 4.)

Finally, Plaintiff's right to maintain the secrecy of its proprietary information outweighs the public's right to access judicial proceedings and related documents. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17 CV 147 (KAM) (CLP), 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) (avoiding disclosure of a trade secret constitutes "good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (documents); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 600 n.5 (1980) (Stewart, J., concurring) (trial)).

As a consequence, restricting public access to the hearing regarding Plaintiff's Motion for preliminary injunctive relief as well as the various exhibits that contain the details of Plaintiff's alleged trade secrets is necessary to maintain the confidentiality of that information, as contemplated by the DTSA. *See* 18 U.S.C. § 1835(a). Further "no other procedure would suffice . . . because the Court must have evidence to make an informed decision, but at the same time, [Plaintiff] do[es] not want to publicly disclose [its] trade secret information in a public filing" or a public proceeding. *ZUP, LLC v. Nash Mfg., Inc.*, No. 3:16-CV-125-HEH, 2016 WL 11082038, at *1 (E.D. Va. Oct. 27, 2016). Accordingly, access to the hearing regarding Plaintiff's motion for preliminary injunctive relief on December 23, 2019, will be limited to Court personnel and the parties (along

with their attorneys, agents, representatives, and witnesses), and exhibits proffered as Plaintiff's trade secrets shall be admitted into evidence under Level 2 restriction.

## B.    MOTION TO PRESENT WITNESS TESTIMONY BY TELEPHONE

In its Motion for Leave to Present Witness Testimony by Telephone, Plaintiff "requests permission for leave to present the testimony of its digital forensics expert, Terry Landry, by telephone, as well as the testimony of possible rebuttal witnesses Brian Pugh and Theresa Sauer (if necessary)." (Doc. # 20 at 1.) Plaintiff represents that those witnesses cannot appear in person due to conflicting commitments. (*Id*. at 2.) Defendant's only objection is based on defense counsel's mistaken belief that the Court would not accept evidence at the hearing.

The Court finds that Plaintiff has demonstrated good cause for the witnesses listed above to present their testimony remotely. Further, Plaintiff's proposal to "set up a conference line for the hearing, for use by Defendants' counsel (who will be participating by telephone), Mr. Landry, Mr. Pugh, and/or Ms. Sauer" is reasonable, and the parties are directed to proceed accordingly.[1] (*Id*. at 3.) The individuals participating by phone shall call chambers (303-335-2174) five minutes before the hearing.

## II.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff's Motion to Restrict Courtroom Proceedings and Certain Proferred [sic] Exhibits Related to [Plaintiff's] Trade Secrets (Doc. # 19) is GRANTED; and

---

[1] The Court reiterates that although defense counsel may attend the hearing by telephone, Defendants are directed to retain local counsel who must attend the hearing **in person**. (Doc. # 11.)

6

- Plaintiff's Motion for Leave to Present Witness Testimony by Telephone (Doc. # 20) is GRANTED.

DATED: December 23, 2019

BY THE COURT:

*[signature: Christine M Arguello]*
CHRISTINE M. ARGUELLO
United States District Judge